UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARMEN LETICIA GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-03667 |
| | § | |
| KROGER TEXAS L.P., | § | |
| | § | |
| Defendant. | § | |

## ORDER AND OPINION

Before the Court, in this slip-and-fall case, is Defendant Kroger Texas, L.P.'s ("Kroger") Motion to Designate Louis Macey, Trustee, and Fountainview Partnership No. 1 (collectively, "Fountainview") as Responsible Third Parties, Doc. 8, Plaintiff Carmen Leticia Garcia's ("Garcia") Motion for Leave to File Amended Complaint to add Fountainview and Macey Property Management, LLC ("Macey Management") as Defendants, Doc. 9, and Garcia's Motion to Remand because the additional defendants, if added, would destroy diversity jurisdiction, Doc. 10. The Court construes Garcia's Motion to Amend as opposition to the third party designation because Garcia asserts that Fountainview and Macey Management should be added as defendants, not as responsible third parties.[1] Kroger has not filed a response to Garcia's Motion to Amend or Remand. Therefore, under Local Rule 7.4, those Motions are deemed unopposed. After considering these documents and the applicable law, the Court grants Garcia's Motions to Amend and Remand, Docs. 9 & 10, rendering Kroger's Motion to Designate as moot, Doc. 8.

---

[1] Kroger's certificate of conference in the Motion to Designate indicates that Garcia is unopposed to that Motion, Doc. 8, but Garcia later filed the Motion to Amend designating Fountainview and Macey Management as defendants, instead of responsible third parties.

## I. Background

On November 29, 2017, Garcia filed her Original Petition in state court alleging that she "slipped and fell and sustained serious injuries" in Kroger's store because Kroger "failed to correct or warn of the . . . dangerous condition," which "constitutes negligence." Doc. 1-1 at 2, (Cause No. 2017-57324 in the 234th Judicial District Court of Harris County, Texas). Garcia sought relief in the amount of $100,000 or less. *Id*. at 4. Next, Kroger answered and removed the case to this Court under diversity jurisdiction, alleging that Garcia is a resident of Texas, Kroger is an Ohio corporation, and that the amount in controversy is greater than $75,000. *See* 28 U.S.C. § 1332; Docs. 1 at 1; 1-3.

The parties have filed certificates of interested parties, Docs. 3 & 4, a joint discovery management plan, Doc. 5, attended a scheduling conference with Magistrate Judge Stacy, and received the Court's scheduling order, Doc. 6. On May 14, 2018, Kroger also filed its initial disclosures indicating the existence of Fountainview and attaching the lease agreement. Doc. 7. The scheduling order set the deadline to amend pleadings or to join additional parties to May 21, 2018. Doc. 6.

On May 18, 2018, Kroger timely filed its Motion for Leave to Designate. In its Motion, Kroger alleges that the "puddle of water [that] purportedly caused [Garcia's] injuries . . . was presumably caused by the roof leaks that were not properly repaired" by Fountainview. Doc. 8 at 2. Kroger alleges that Fountainview's predecessor-in-interest agreed in the lease to "maintain the structure and the exterior of the premises including . . . all structural portions of the building." *Id*. at 1 (citing lease agreement and modification, Docs. 1-1 & 1-2). In order to maintain the structure, Kroger alleges that the lease granted Fountainview the "right and responsibility to enter the demised premises . . . to inspect the condition of said premises and to

make repairs." *Id*. at 2 (citing Doc. 1-2). Because it alleges that Fountainview failed to inspect and repair the leaky roof, Kroger "moves for leave to designate Fountainview as a responsible third party." *Id*. at 2.

Three days later and on the deadline under the scheduling order, Garcia filed her Motion to Amend to add Fountainview and Macey Management because they "failed to ensure the apparent roof leaks in the structure were properly prepared." Doc. 9 at 1–2. In the proposed First Amended Complaint ("FAC"), Garcia alleges that Luis Macey resides in Houston, Texas, Fountainview is a Texas Partnership, and Macey Management is a Texas LLC. Doc. 9-1 at 1–2. Kroger did not timely object to this motion.

On the same day as her Motion to Amend, Garcia also filed her Motion to Remand because this Court would lacks diversity jurisdiction if the amendment is approved. Garcia is a citizen of Texas. Garcia asserts that because prospective Defendants are all from Texas diversity and subject matter jurisdiction are destroyed. Doc. 10 at 2–3. Kroger did not timely object to this motion.

All motions are now ripe for adjudication.

## II. Motions to Amend and Remand

Garcia asserts that if the Court allows the amendment to add the additional defendants, diversity is destroyed, and the case should be remanded back to state court under 28 U.S.C. § 1447(c). Because no party contests the Texas residency status of Fountainview or Macey Management, the Court finds them to be located in Texas for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

Under 28 U.S.C. §1332, a defendant may remove a case if there is (1) complete diversity of citizenship and (2) the amount in controversy is greater than $75,000, exclusive of interests

and costs. *Id*. "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); Doc. 25 at 1–2.

Where the nondiverse parties were joined **after** the case was removed, not before, the standard is not whether the new parties were fraudulently joined, but whether the Court, when "confronted with an amendment to add a nondiverse nonindispensable party, should use its discretion in deciding whether to allow that party" to be joined. *Hensgens v. Deere & Co.*, 833 F.3d 1179, 1182 (5th Cir. 1987), *appeal after remand*, 869 F.2d 879 (5th Cir. 1989), *cert. denied*, 493 U.S. 851 (1989); *see* 28 U.S.C. § 1447(e). "The court should 'scrutinize that amendment more closely than an ordinary amendment' and 'consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 768–69 (5th Cir. 2016) (citing *Hensgens*, 833 F.3d at 1182).

The court should consider four equitable factors on whether to allow joinder: "[(1)] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [(2)] whether plaintiff has been dilatory in asking for amendment, [(3)] whether plaintiff will be significantly injured if amendment is not allowed, and [(4)] any other factors bearing on the equities." *Id.* (citing *id.*). For the first factor, courts have considered whether the claim asserted was a ruse to defeat jurisdiction, whether plaintiff knew of the identity of the added party at the filing of the state court petition, how soon after removal the petition was amended, and if the amendment was filed prior to a plaintiff's motion to remand. *See Boyce v. CitiMortgage, Inc.*, 992 F. Supp. 2d 709, 716–17 (W.D. Tex. 2014). For the second factor, courts have considered the "time between the original state court action and the request to amend, and the time between removal and the

request," the stage of litigation, and whether trial or pre-trial dates have been scheduled. *Lowe v. Singh*, No. CIV.A. H-10-1811, 2010 WL 3359525, at *2 (S.D. Tex. Aug. 23, 2010) (holding amendment six months after initial filing was not dilatory); *see Boyce v. CitiMortgage, Inc.*, 992 F. Supp. 2d at 720–21 (concerning stage of litigation and scheduling). For the third factor, courts have considered whether the plaintiff can obtain complete relief absent the amendment and whether the plaintiff will be forced to litigate against the non-diverse defendants in a different court system with different timetables and procedural rules. *Id*. at 721.

"If [the court] permits the amendment of the nondiverse defendant, then it must remand to the state court, [but i]f the amendment is not allowed, the federal court maintains jurisdiction." *Hensgens*, 833 F.3d at 1182; *see also Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir. 2013) (affirming *Hensgens* as the correct legal standard to determine whether joinder of non-diverse parties should be permitted after removal).

In her Motion to Remand, Garcia asserts that she and the proposed additional Defendants are citizens of Texas. As a result, diversity and the resultant subject matter jurisdiction is destroyed. Doc. 10 at 2–3. Kroger has not filed a response to Garcia's Motion to Remand. Therefore, under Local Rule 7.4, the Motions is deemed unopposed.

The factors weigh in Garcia's favor. The first factor is whether the purpose of the amendment was to defeat federal jurisdiction. *Hensgens*, 833 F.3d at 1182. The record indicates that Garcia was not seeking to defeat federal jurisdiction but was reacting to new information disclosed by Kroger. The record indicates that Garcia was not aware of the existence of Fountainview and Macey Management until Kroger's initial disclosures on May 14, 2018. Doc. 7. Shortly thereafter, Kroger filed its Motion to Designate, and a few days later on May 21, 2018, Garcia filed her Motions to Amend and Remand. Garcia filed her Motions a week after Kroger's

disclosures. Thus, the Court holds that Garcia's Motions seek to add parties Kroger alleges are partially responsible for the in the slip-and-fall incident. Thus, the Court holds that the purpose of the amendment was not to defeat federal jurisdiction, but to bring those parties into the suit. *See Boyce*, 992 F. Supp. 2d at 716–17.

The second factor, whether plaintiff has been dilatory in asking for amendment, also weighs in favor of the amendment. *Id.* The Court notes that filing an FAC beyond six months of the original petition may be dilatory. *See Lowe*, 2010 WL 3359525, at *2. But the FAC was filed on the last day permitted by the Court's scheduling order, and within a week of Kroger's disclosures. *See Boyce*, 992 F. Supp. 2d at 720–21. Thus, the Court holds that Garcia was not dilatory in asking for the amendment.

Next, the third factor, whether plaintiff will be significantly injured if amendment is not allowed, favors the amendment. *Id*. at 721. Both Garcia and Kroger agree that the potential Defendants may be partially or wholly responsible for the slip-and-fall incident because of a duty to maintain and inspect the premises. Garcia and Kroger differ only on whether the potential Defendants should be responsible third parties or full defendants. Kroger has not filed an opposition to the Motions to Amend and Remand. The Court does not to differ from the parties' assessment. Thus, the Court holds Garcia may be injured if amendment is not allowed.

The Court does not consider the open fourth factor both because it finds the other factors weigh in favor of amendment and because the parties do not argue this factor.

Thus, the Court concludes that it should allow Garcia to add Luis Macey, the Fountainview partnership, and Macey Management LLC as parties, even though the action divests the Court of its jurisdiction. And having lost its jurisdiction, the Court declares that all

other pending motions in the case are moot. *See Hensgens*, 833 F.3d at 1182. Accordingly, the Court

**GRANTS** Carmen Letica Garcia's Motions to Amend and Remand, Docs. 9 & 10.

### III. Conclusion

Accordingly, it is hereby

**ORDERED** that Carmen Letica Garcia's Motion for Leave to File Amended Complaint, Doc. 9, is **GRANTED**. It is further

**ORDERED** that Carmen Letica Garcia's Motion to Remand, Doc. 10, is **GRANTED.** It is further

**ORDERED** that Kroger's Motion to Designate Louis Macey, Trustee and Fountainview Partnership No. 1 as Responsible Third Parties, Doc. 8, is **MOOT**. It is further

**ORDERED** that this case is **REMANDED** to the 234th Judicial District Court of Harris County, Texas, Cause No. 2017-57324.

**SIGNED** at Houston, Texas, this 13th day of June, 2018.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE